UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**KAHUSIA (JHUTY) BAN WILLIAM SHUEL**,
:
                        Plaintiff,
:   **MEMORANDUM AND ORDER**
:
            – against –
:   22-CV-7006 (AMD) (TAM)
:
**DANILLE M. ALESSANDRO, CITY OF NEW YORK, P.O. MATTHEW T. SHERIDAN BADGE #26399, ERIC GONZALEZ, STATE OF NEW YORK, DOUGLAS KAHAN, ACTING MAGISTRATE JUDGE J. SHAPIRO, JOHN GODFREY, LEGAL AID SOCIETY, ROSSANA ROSADO,** and **JOSEPH J. POPCUN**,
:
:
:
:
:
:
:
                        Defendants.
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On November 18, 2022, the *pro se* plaintiff filed this action alleging violations of the Supremacy Clause, the Treaty of Peace and Friendship and the Treaty of Tripoli; he also seeks to remove a pending state criminal case to this Court. (ECF No. 1.)[1] On December 7, 2022, the plaintiff filed an amended notice of removal. (ECF Nos. 5-6.) The Court grants the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) For the reasons that follow, the case is remanded to state court.

## BACKGROUND

      On October 20, 2022, the plaintiff was arrested for burglary, attempted burglary, criminal trespass, criminal mischief, and trespass.[2] (ECF No. 1 at 7, 9; ECF No. 6 at 1.) He seeks

---

[1] The caption in this case should be the same as the caption in the state court case, *The People of the State of New York v. William Shuel*. (*See* ECF No. 1 at 9.)

[2] The plaintiff alleges Officer Sheridan "kidnapped" him but it is clear that the officer arrested the plaintiff. (*See* ECF No. 1 at 9.) According to the New York State Unified Court System's database, the

dismissal of the pending state criminal case against him, claiming "fraud" and that he was arrested pursuant to a "fictitious name[]." (ECF No. 5 at 6; ECF No. 6 at 1.)

## DISCUSSION

Federal law permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A petition for removal under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. at 803).

The plaintiff in this case does not provide any basis for removal of the pending state criminal prosecution to this Court. The fact that the criminal court case does not use the correct name is not a basis for removal. *See, e.g.*, *New York v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *2 (E.D.N.Y. June 16, 2020) (remanding to state court the *pro se* defendant's notice of removal since the claim of sovereign citizenship does not satisfy the first prong of section 1443(1)); *People v. Pitter El*, No. 12-CV-4901, 2012 WL 3861227, at *1-2 (E.D.N.Y. Sept. 4, 2012) (remanding to state court the *pro se* defendant's notice of removal alleging that "as [a]

---

plaintiff was arraigned on October 21, 2022, and then was released on his own recognizance. His next court date is January 4, 2023. https://iapps.courts.state.ny.us/webcrim (William Shuel, Case No. CR-030363-22KN) (last visited Dec. 1, 2022).

member of the Moorish-American nation she is immune from the laws of the City and State of New York").

## CONCLUSION

For the reasons set forth above, the notice of removal is denied, and the action is remanded to the Criminal Court of the City of New York, County of Kings, under Case Number CR-030363-22KN, for all further proceedings. 28 U.S.C. § 1455(b)(4). I respectfully direct the Clerk of Court to mail a certified copy of this order to the Clerk of the Criminal Court of the City of New York, County of Kings, Case Number CR-030363-22KN, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
January 5, 2023